# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3340 | **DATE** | 7-1-13 |
| **CASE TITLE** | Joe L. Mitchell (#2012-0627174) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The clerk is directed to: (1) file the amended complaint; (2) add Dr. Ralph Menezes as a defendant; (3) issue summonses for service on defendants Dart and Menezes; (4) terminate all other defendants pursuant to the amended complaint and Fed. R. Civ. P. 15. The plaintiff's motion for attorney representation [#4] is denied, without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers and a staff physician at the jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that correctional officers denied or delayed access to needed medical care after he severely burned himself in the shower; he additionally maintains that the doctor released him from the hospital while he still needed treatment. The plaintiff has submitted an amended complaint, as directed. *See* Minute Order of May 8, 2013.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the amended complaint.

**(CONTINUED)**

mjm

Sheriff Tom Dart remains as a defendant solely for purposes of identifying the John Doe officers in question. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). The plaintiff may nevertheless serve discovery on Sheriff Dart in order to ascertain the names of the John Doe correctional officers who allegedly delayed access to medical care. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); Minute Order of May 8, 2013.

The plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the John Does and amend his complaint to name them as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The clerk shall issue summonses for service of the amended complaint on defendants Dart and Menezes. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)

**(CONTINUED)**

## STATEMENT (continued)

(en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349, at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of litigating this matter, notwithstanding the obstacles posed by the fact of incarceration. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.